UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Sierra Club, Inc. et al.

    v.                      Civil No. 19-cv-216-JL

Granite Shore Power LLC, et al.

**PROCEDURAL ORDER**

In March 2019, Plaintiffs Sierra Club, Inc. and Conservation Law Foundation filed this citizen suit to enforce provisions of the Clean Water Act, see 33 U.S.C. § 1251, et seq., against the former and current operators of a power plant on the banks of the Merrimack River. The plaintiffs assert that the power plant has long discharged heated wastewater in a manner that harms the environmental and ecological health of the Merrimack River and that does not comply with the power plant's federal permit.

Standing is a prerequisite to a federal court's subject-matter jurisdiction. Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016). To have standing to sue, plaintiffs must show that they have suffered an injury in fact that is fairly traceable to the defendant's allegedly unlawful actions and will be redressed by a favorable decision. E.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). As a prudential matter, organizational plaintiffs may show standing

"based on injuries to [their] members' interests only if (1) at least one of [their] members would have standing to sue as an individual, (2) the interests at stake are germane to the organization's purpose, and (3) individual members' participation is not necessary to either the claim asserted or the relief requested." Animal Welfare Inst. v. Martin, 623 F.3d 19, 25 (1st Cir. 2010).

In their complaint, both plaintiffs allege that they are organizations dedicated to the protection and preservation of the environment. Further, they allege that their members "use, recreate upon, and enjoy the Merrimack River, which Defendants continue to unlawfully pollute," that their members "care very deeply about water quality in the Merrimack River," and that "water quality in the Merrimack River directly affects the health, recreational, aesthetic, commercial, and environmental interests of the Plaintiffs' members." See Compl. ¶¶ 14-16.

For purposes of standing, these allegations do not sufficiently allege that the organizational plaintiffs have standing on behalf of their members. To establish such standing, the plaintiffs must, at the very least, "identify [a] member[ ] who ha[s] suffered the requisite harm." Summers v. Earth Island Inst., 555 U.S. 488, 499 (2009). The complaint, by contrast, contains no information about individual members of either plaintiff. As a result, the court cannot assess whether

2

the plaintiffs have sufficiently alleged that they have standing to bring this citizen suit.

Accordingly, no later than **August 9, 2019,** the plaintiffs shall amend their complaint, file supporting declarations with the court, or show cause as to why an amendment or additional filing is unwarranted.  Any amended allegations or supporting declarations shall identify specific members of each organization who have suffered harms germane to those alleged in the complaint and describe how the defendants' alleged unlawful conduct harmed a cognizable interest for purposes of standing.  Failure to comply with this order may result in dismissal of the case for failure to show subject-matter jurisdiction.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 26, 2019

cc:  Edan Rotenberg, Esq.
     Reed Super, Esq.
     Daniel J. Mullen, Esq.
     Thomas F. Irwin, Esq.
     Wilbur A. Glahn, III, Esq.
     Jennifer L. Parent, Esq.
     P. Stephen Gidiere, III, Esq.
     Thomas G. DeLawrence, Esq.