UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------------x

SIERRA CLUB, INC. and CONSERVATION
LAW FOUNDATION, INC.,

                Plaintiffs,

       v.                                  Civil Action No.: 1:19-cv-216-JL

GRANITE SHORE POWER LLC; GSP
MERRIMACK LLC; and PUBLIC SERVICE
COMPANY OF NEW HAMPSHIRE d/b/a
EVERSOURCE ENERGY,

                Defendants.

---------------------------------------------------------------x

## PLAINTIFFS' FINAL PRETRIAL STATEMENT

**I.    Assented-to Statement of the Case**

This case arises under the "citizen suit" provision of the Clean Water Act, 33 U.S.C. § 1365. Plaintiffs Conservation Law Foundation ("CLF") and Sierra Club (collectively "Plaintiffs") allege that Defendants Granite Shore Power LLC and GSP Merrimack LLC (collectively "Defendants") are in violation of the National Pollutant Discharge Elimination System ("NPDES") permit issued by the U.S. Environmental Protection Agency ("EPA") in 1992 and transferred to GSP Merrimack LLC in January 2018 ("1992 Permit") for the Merrimack Station, a steam-electric, coal-fueled power plant located on the banks of the Merrimack River in Bow, New Hampshire ("Station"). When operating, Merrimack Station draws water from the river in order to cool and condense the steam it produces, and then routes that water through a cooling canal that discharges to the river.

Plaintiffs have alleged five claims in this case. Counts I-III allege violations of Part I.A.1.g. of the 1992 Permit which states: "The combined thermal plumes for the Station shall; (a) not block

1

zone of fish passage, (b) not change the balanced indigenous population of the receiving water, and (c) have minimal contact with the surrounding shorelines." Count IV alleges violations of New Hampshire water quality standards; and Count V alleges violations of the 1992 Permit's requirement to annually report temperature and dissolved oxygen data collected by the Station to EPA and other agencies. Plaintiffs seek declaratory and injunctive relief, civil penalties, and their litigation costs.

Defendants contend that the Station is and has been in full compliance with the 1992 Permit since they acquired the Station in 2018—including the requirements applicable to the cooling water discharge and the requirements for monitoring and reporting. Defendants deny Plaintiffs' claims, deny that Plaintiffs are entitled to any of their requests for relief, and further request an award of their costs of litigation.

Plaintiffs deny that Defendants are entitled to an award of their costs of litigation.

## II.     Plaintiffs' Witnesses[1]

Witnesses Plaintiffs Expect to Call

1. Matthew Hodge, P.E. (expert witness)[2]
   Hodge.WaterResources, LLC
   Brighton, MA

2. Adrian Jordaan, Ph.D (expert witness)
   University of Massachusetts Amherst
   Amherst, MA

3. Ranjit Sahu, Ph.D (expert witness)
   Alhambra, CA

4. Jonathan Shefftz (expert witness)
   d/b/a JShefftz Consulting
   Amherst, MA

---

[1] Consistent with LR 16.2(a)(2), to the extent not already provided Plaintiffs will provide Defendants with contact information for the listed witnesses.

[2] All of Plaintiffs' experts were disclosed as case-in-chief experts and rebuttal experts.

5. Mark Feigl
   Member of CLF
   Concord, NH

6. Lucinda Reid
   Member of CLF and Sierra Club
   Chichester, NH

7. Benjamin MacBride
   Member of CLF and Sierra Club
   Concord, NH

8. James Andrews
   President and CEO
   GSP Merrimack LLC
   Bow, NH

9. Elizabeth Tillotson
   Vice President
   Executive Director of Administrative and Regulatory Affairs
   GSP Merrimack LLC
   Bow, NH

Witnesses Plaintiffs May Call if the Need Arises

1. Sean Mahoney[3]
   Executive Vice President
   Conservation Law Foundation, Inc.
   Portland, ME

2. Hannah Birmbaum
   Northeast Deputy Regional Director, Energy Campaigns
   Sierra Club, Inc.
   New York, NY

---

[3] As discussed in Section XII below, Plaintiffs have asked Defendants to stipulate that the interests at stake in this case are germane to Sierra Club and CLF's purposes, so as to satisfy that element of the test for prudential associational standing and obviate the need for Mr. Mahoney and Ms. Birmbaum to testify. That is the only purpose for which Plaintiffs would offer their testimony. These individuals are listed as "may call if the need arises" pending a stipulation and discussion of this issue with the Court at the Final Pretrial Conference. Similarly, Plaintiffs have asked Defendants to stipulate, based on declarations from Ms. Sauer and Ms. Fashho, that the member witnesses are members of CLF and Sierra Club, respectively, to obviate their testimony (or that of another of Sierra Club's employees) on that issue.

3. Kristin Sauer
   Director of Development Operations
   Conservation Law Foundation, Inc.
   Boston, MA

4. Huda Fashho
   Director of Member Care
   (or another employee)
   Sierra Club, Inc.
   Oakland, CA

5. Any witnesses listed by Defendants

Plaintiffs reserve the right to supplement this witness list up to and including the time of trial.

**III.   Written Waiver of Claims**

Plaintiffs do not waive any claims.

**IV.   List of Depositions Which May Be Read into Evidence**

At this time, Plaintiffs do not intend to read any depositions into evidence.

**V.   Exhibits**[4]

Exhibits Plaintiffs Expect to Offer

1. National Pollutant Discharge Elimination System ("NPDES") Permit No. NH0001465, issued by the U.S. Environmental Protection Agency ("U.S. EPA") Region 1 – New England. June 25, 1992.

2. U.S. EPA, Region 1 – New England. Clean Water Act NPDES Permitting Determinations for the Thermal Discharge and Cooling Water Intake Structures at Merrimack Station in Bow, New Hampshire, NPDES Permit No. NH 0001465. Sept. 27, 2011. (AR-1439)

3. U.S. EPA, Region 1 – New England. Responses to Comments Public Review of Merrimack Station NPDES Permit No. NH0001465. Introductory pages and Chapter II - CWA Thermal Issues. May 22, 2020. (AR-1885)

4. Merrimack Station, Environmental Monitoring Program, 2015-2016 Annual Report. Dec. 16, 2016. (Doc. 22-1)

---

[4] For ease of identification, Bates numbers, ECF Doc. numbers, and/or EPA Administrative Record ("AR") numbers are provided for certain documents.

5. Merrimack Station, Environmental Monitoring Program, 2016-2017 Annual Report. Dec. 19, 2017. (Doc. 22-2)

6. Merrimack Station, Environmental Monitoring Program, 2017-2018 Annual Report. Nov. 19, 2018. (Doc. 22-3)

7. Merrimack Station, Environmental Monitoring Program, 2018-2019 Annual Report. December, 2019.

8. Merrimack Station, Environmental Monitoring Program, 2019-2020 Annual Report. Dec. 21, 2020. (MK-19-216-DH-00024233)

9. Merrimack Station, Environmental Monitoring Program, 2020-2011 Annual Report. Dec. 20, 2021. (MK-19-216-DNH-00028737)

10. Merrimack Station, 15-minute-interval temperature and dissolved oxygen data collected at S-0, S-4, N-5, N-10. 2018. Excel Spreadsheet. (MK-19-216-DH-00024126)

11. Merrimack Station, 15-minute-interval temperature and dissolved oxygen data collected at S-0, S-4, N-5, N-10. 2019. Excel Spreadsheet.

12. Merrimack Station, 15-minute-interval temperature and dissolved oxygen data collected at S-0, S-4, N-5, N-10. 2020. Excel Spreadsheet.

13. Merrimack Station, 15-minute-interval temperature and dissolved oxygen data collected at S-0, S-4, N-5, N-10. 2021. Excel Spreadsheet. (MK-19-216-DH-00028817)

14. Merrimack Station, 15-minute-interval temperature and dissolved oxygen data collected at S-0, S-4, N-5, N-10. Jan. 1 – Jul. 31, 2022. Excel Spreadsheet. (MK-19-216-DH-00029117)

15. Merrimack Station, 15-minute-interval temperature and dissolved oxygen data collected at S-0, S-4, N-5, N-10. Post Jul. 31, 2022. Excel Spreadsheet. (requested from Defendants)

16. Merrimack Station, Units 1 and 2, operational data from U.S. EPA's Clean Air Markets Program Database. January 10, 2018 to most recent available at https://campd.epa.gov/ (excerpt appears at Doc. 59-8)

17. U.S. Geological Survey, Merrimack River Flow Data, USGS 01092000 Merrimack River Near Goffs Falls, Below Manchester, NH. 1937 to most recent available, at https://waterdata.usgs.gov/nwis/uv?site_no=01092000[5] (excerpt appears at Doc. 59-7)

---

[5] *See also* Next Generation Monitoring Location Page, available at https://waterdata.usgs.gov/monitoring-location/01092000/#parameterCode=00065&period=P7D

18. Normandeau Associates, Inc., Merrimack River Monitoring Program Summary Report. Mar. 1979. (Doc. 69-16; AR-1138)

19. Normandeau Associates Inc., Merrimack Station, Thermal Discharge Modeling Study. Oct. 1996. (Doc. 69-17; AR-1204)

20. Normandeau Associates, Inc., Merrimack Station, Thermal Discharge Effects on Downstream Salmon Smolt Migration. Dec. 2006. (Doc. 69-18; AR-1140)

21. Normandeau Associates, Inc., A Probabilistic Thermal Model of the Merrimack River Downstream of Merrimack Station. Apr. 2007. (Doc. 69-19; AR-10)

22. Applied Science Associates, Inc., Modeling the Thermal Plume in the Merrimack River from the Merrimack Station Discharge. Dec. 21, 2010. (Docs. 69-20 to 69-22; AR-99)

23. Applied Science Associates, Inc., Modeling the Thermal Structure in the Hooksett Pool of the Merrimack River During Periods of Biological Significance. Feb. 2012. (Doc. 69-23; AR-1196)

24. Expert Report of Matthew Hodge, P.E. Aug. 11, 2020.

25. Supplemental/Rebuttal Expert Report of Matthew Hodge, P.E.

26. Expert Report of Adrian Jordaan, Ph.D.

27. Supplemental/Rebuttal Expert Report of Adrian Jordaan, Ph.D.

28. Expert Report of Ranajit Sahu, Ph.D.

29. Supplemental/Rebuttal Expert Report of Ranajit Sahu, Ph.D.

30. Expert Report of Jonathan Shefftz

31. Supplemental/Rebuttal Expert Report of Jonathan Shefftz

32. Expert Report of Jonathan Shefftz

33. Email from Richard Faro to James Andrews. Apr. 23, 2018. (MK-19-216-DNH-00028518; Doc. 69-10)

34. Email from Paul Raichle to William Finn, et al. Apr. 18, 2018. (MK-19-216-DNH-00027171; Doc. 69-11)

35. MKEP005 Power Spray Module Operation & Maintenance. May 17, 2012. (MK-19-216-DNH-00028448; Doc. 69-11)

36. Email from Michael Mantini to Anthony Arsenault, et al. June. 18, 2019. (MK-19-216-DNH-00027392; Doc. 69-11)

37. MKEP005 Power Spray Module Operation & Maintenance.  June 17, 2019.  (MK-19-216-DNH-00027392; Doc. 69-11)

38. Email from Allan Palmer to Benjamin Redden, et al. with attachment (MK Fish Impingement 2018.pdf).  April 5, 2019.  (MK-19-216-DNH-00026655; Craig Dep. Exs. 69, 70)

39. Email from Melissa Cole to Paul Raischle.  Apr. 20, 2018.  (MK-19-216-DNH-00027506; Doc. 69-12)

40. Lawrence W. Barnthouse, Ph. D.  Review of technical documents related to NPDES Permitting Determinations for the Thermal Discharge and Cooling Water Intake Structures at Merrimack Station.  Feb. 2016.  (AR-1300)

41. Letter from Eversource Energy to U.S. EPA – Region 1, with attachments.  Dec. 22, 2016.  (AR-1352)

42. Lawrence W. Barnthouse, Ph. D.  Analysis of Merrimack Station Fisheries Survey Data for 2010-2013.  Dec. 2017.  (AR-1553)

43. Guo L.W., Jordaan, A., Schultz E.T., & McCormick, S.D.  (2022) Identification of supraoptimal temperatures in juvenile blueback herring (*Alosa aestivalis*) using survival, growth rate and scaled energy reserves. ConservPhysiol 10(1): coac022; doi:10.1093/conphys/coac022.

44. Guo, L. W., McCormick, S. D., Schultz, E. T., & Jordaan, A.  (2021) Direct and size-mediated effects of temperature and ration-dependent growth rates on energy reserves in juvenile anadromous alewives (*Alosa pseudoharengus*).  Journal of Fish Biology, 99(4), 1236–1246.  https://doi.org/10.1111/jfb.14824.

45. NE-ISO.  Summer 2018 Quarterly Markets Report.  Dec, 5, 2018.  (Stein Dep. Ex. 36)

46. Email correspondence among James Andrews, Joanne Bialas, et al.  June 2020 (multiple emails).  (MK-19-216-DNH-00029107)

47. Email correspondence among Vincent Miata, James Andrews, et al.  July 21, 2022 (multiple emails).  (MK-19-216-DNH-00029109)

48. Email correspondence among Vincent Miata, James Andrews, et al.  July 2022 (multiple emails).  (MK-19-216-DNH-00029111)

49. Email correspondence among Vincent Miata, James Andrews, et al.  July 2022 (multiple emails).  (MK-19-216-DNH-00029114)

50. Letter from Elizabeth H. Tillotson, Vice President, GSP Schiller LLC, to Ellen Weitzler, U.S. EPA – Region 1.  June 27, 2022.

51. Declaration of Lucinda Reid.  (Doc. 29-2)

52. Reid Photograph.  (Reid Dep. Ex. 21)

53. Reid Photograph.  (PL-19-216-DNH-00019256)

54. Reid Photograph.  (PL-19-216-DNH-00019257)

55. Reid Sierra Club membership card.  (Reid Dep. Ex. 19)

56. Email from membership@clf.org to L. Reid.  Apr. 12, 2021.  (Reid Dep. Ex. 20)

57. Declaration of Benjamin MacBride.  (Doc. 29-1)

58. Eight (8) MacBride photographs.  (MacBride Dep. Ex. 16)

59. Declaration of Mark Feigl.

60. Thirteen (13) Feigl photographs.  (Feigl Dep. Ex. 77)

Exhibits Plaintiffs May Offer if the Need Arises

1. Expert Report of Paul Craig, P.E.

2. Supplemental/Rebuttal Expert Report of Paul Craig, P.E

3. Expert Report of Lawrence Barnthouse, Ph.D.

4. Supplemental/Rebuttal Expert Report of Lawrence Barnthouse, Ph.D.

5. Expert Report of Robert Stein

6. Supplemental/Rebuttal Expert Report of Robert Stein

7. Expert Report of David Harrison, Ph.D.

8. Supplemental/Rebuttal Expert Report of David Harrison, Ph.D.

9. Expert Report of Lawrence Robert W. Varney

10. Supplemental/Rebuttal Expert Report of Robert W. Varney

11. Deposition Transcript of Paul Craig, P.E

12. Deposition Transcript of Lawrence Barnthouse, Ph.D.

13. Deposition Transcript of Robert Stein

14. Deposition Transcript of David Harrison, Ph.D.

15. Deposition Transcript of Robert W. Varney

16. Deposition Transcript of Matthew Hodge, P.E.

17. Deposition Transcript of Adrian Jordaan, Ph.D.

18. Deposition Transcript of Ranajit Sahu, Ph.D.

19. Deposition Transcript of Jonathan Shefftz

20. Deposition Transcript of James S. Andrews

21. Deposition Transcript of Elizabeth H. Tilloston

22. Deposition Transcript of Lucinda Reid

23. Deposition Transcript of Benjamin MacBride

24. Deposition Transcript of Bradley Campbell

25. Declaration of Matthew Hodge (Doc. 50-2)

26. Defendants' Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Admission.  Sept. 14, 2022.

27. Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Admission.  May 25, 2021.

28. Defendants' Supplemental Objections and Responses to Plaintiffs' Interrogatories 3, 4, 6, 7, and 9.  Sept. 14, 2022.

29. Defendants' Objections and Responses to Plaintiffs' Interrogatories.  May 25, 2021.

30. Defendants' Objections and Responses to Plaintiffs' Interrogatories.  Jan. 26, 2021.

31. Defendants' Objections and Responses to Plaintiffs' Interrogatories.  Nov. 22, 2019.

32. Defendants' Objections and Responses to Plaintiffs' Plaintiffs' Interrogatories.  May 25, 2021.

33. OP-21 Appendix A: Generator Surveys.  (MK-19-216-DNH-00029104 to MK-19-216-DNH-00029104) (Confidential – Subject to Protective Order)

34. Day Ahead Market Award Summary Reports and DA Offer Summary Reports.  (MK-19-216-DNH-00029080 to MK-19-216-DNH-00029103) (Confidential – Subject to Protective Order)

35. EPA Lawrence Gauge Water Temperature.  Available at https://www.epa.gov/sites/production/files/buckeye_symlinks/region1-buoys/merrimack/lawstat2018.csv

36. D. A. Cincotta & J.R. Stauffer, Jr.  Temperature preference and avoidance studies of six North American freshwater fish species.  1984.  (AR-76)

37. NE-ISO.  Section III, Market Rule 1, Appendix A.  Market Monitoring, Reporting and Market Power Mitigation. (Stein_000001; Stein Dep. Ex. 29)

38. NE-ISO.  Section III, Market Rule 1.  Standard Market Design.  (Stein_000507; Stein Dep. Ex. 30)

39. NE-ISO.  Section III, Market Rule 1.  Standard Market Design.  (Stein_000988; Stein Dep. Ex. 31)

40. NE-ISO.  Market Rule 1.  Printout from NE-ISO Website.  (Stein Dep. Ex. 32)

41. NE-ISO.  Market Rule 1.  Section 13.  (Stein_000701; Stein Dep. Ex. 33)

42. NE-ISO.  Market Rule 1.  Printout from NE-ISO Website.  (Stein Dep. Ex. 34)

43. Normandeau Associates, Inc.  Comments on EPA's Draft Permit for Merrimack Station.  Feb. 2012.  (Varney_006318; Varney Dep. Ex. 60)

44. Letter from N.H. Department of Environmental Services to PSNH – Merrimack Station.  Aug. 24, 2000.  (Varney_005061; Varney Dep. Ex. 61)

45. Letter from N.H. Department of Environmental Services to PSNH – Merrimack Station.  Jul. 13, 2010.  (Varney_005139; Varney Dep. Ex. 62)

46. Letter from N.H. Department of Environmental Services to Allan Palmer, GSP Merrimack LLC.  Sept. 16, 2020. (MK-19-216-DNH-00028832)

47. Letter from N.H. Department of Environmental Services to Allan Palmer, GSP Merrimack LLC.  Jan 10, 2022.  (MK-19-216-DNH-00028836)

48. Documents on References list or otherwise referenced in Expert Reports of Matthew Hodge, P.E., to the extent not otherwise on this exhibit list.

49. Documents on References list or otherwise referenced in Expert Reports of Adrian Jordaan, Ph.D., to the extent not otherwise on this exhibit list.

50. Documents referenced in Expert Reports of Ranajit Sahu, Ph.D., to the extent not otherwise on this exhibit list.

51. Documents referenced in Expert Reports of Jonathan Shefftz, to the extent not otherwise on this exhibit list.

52. Remand Order, *In re GSP Merrimack L.L.C.*, NPDES Appeal Nos. 20-05 & 20-06, 18 E.A.D. 524 (E.P.A. Aug. 3, 2021)

53. Petition for Review, EAB NPDES Appeal No. 20-05

54. Petitioners' Reply Brief in EAB NPDES Appeal No. 20-05

55. Letter from Dennis Deziel, Regional Administrator, U.S. EPA – Region 1, to Mr. Erika Durr, U.S. EPA Environmental Appeals Board, et al. Sept. 1, 2020. (Doc. 62-1)

56. U.S. EPA. NPDES Permit Writers Manual. Sept. 2010. (excerpt appears at Doc. 50-6)

57. U.S. EPA, Region 1 – New England. Schiller Station NPDES Permit No. NH0001473. Sept. 11, 1990. (Doc 69-2)

58. U.S. EPA, Region 1 – New England. Schiller Station NPDES Permit No. NH0001473. Apr. 6, 2018. (Doc 69-3)

59. U.S. EPA, Region 1 – New England. Newington Generating Station NPDES Permit No. NH0023361. Oct. 25, 2012. (Doc 69-4)

60. U.S. EPA, Region 1 – New England. Mirant Canal Station NPDES Permit No. MA0004928. Aug. 1, 2008. (Doc 69-5)

61. U.S. EPA, Region 1 – New England. Mystic Station NPDES Permit No. MA0004740. Aug. 17, 2001. (Doc 69-6)

62. U.S. EPA, Region 1 – New England. Pepperell Power Plant NPDES Permit No. MA0032034. Sept. 8, 2006. (Doc 69-7)

63. U.S. EPA, Region 1 – New England. Pilgrim Nuclear Power Station NPDES Permit No. MA0003557. Jan. 20, 2020. (Doc 69-8)

64. U.S. EPA, Region 1 – New England. Brayton Point Station Power Plant, Somerset, MA: Final NPDES Permit. Oct. 2003. https://www.epa.gov/npdes-permits/brayton-point-station-power-plant-somerset-ma-final-npdes-permit.

65. U.S. EPA, Region 1 – New England. Clean Water Act NPDES Permitting Determinations for Brayton Point Station's Thermal Discharge and Cooling Water Intake in Somerset, MA. July 22, 2002. https://www.epa.gov/npdes-permits/brayton-point-station-power-plant-somerset-ma-final-npdes-permit

66. Hickey, K., Shanahan, P. Review of Available Water Temperature Data and Thermal Plume Characterizations related to the Merrimack Power Station in Bow, NH. Dec. 11, 2017. (AR-1575)

67. Nedeau, E. Potential Role of Merrimack Station's Thermal Effluent on Asian Clams, Native Mussels, and Ecology of the Merrimack River. Dec. 13, 2017. (AR-1564)

68. Mitchell, J., Bailey, R. & Knapton. Abundance of *Dreissena polymorpha* and *Dreissena bugensis* in a warmwater plume: effects of depth and temperature. Can. J. Fish. Aquat. Sci. 53: 1705-1712 (1996). (AR-1576)

69. Normandeau Associates, Inc. Memorandum from Chris Gurshin, et al. to Danielle Gaito, U.S. EPA – Region 1. Aug. 25, 2022. (MK-19-216-DNH-00028922)

70. Normandeau Associates, Inc. Study Plan for Fish and Invertebrate Sampling to Support a Thermal Variance at Merrimack Station. June 29, 2022. (MK-19-216-DNH-00029033)

71. Email from Eric Nelson to Amy Smagula, et al. with attachment. Jan. 8, 2014. (MK-19-216-DNH-00024412; Doc. 69-27)

72. Letter from Margoth Caley, Esq., NE-ISO to Kimberly D. Bose, Secretary, Federal Energy Regulatory Commission with attachments. March 21, 2022. (MK-19-216-DNH-00028839)

73. Letter from Margoth Caley, Esq., NE-ISO to Kimberly D. Bose, Secretary, Federal Energy Regulatory Commission, with attachments. February 26, 2021.

74. Declaration of Huda Fashho (Sierra Club Director of Member Care).

75. Declaration of Kristin Sauer (CLF Director of Development Operations).

Plaintiffs reserve the right to supplement this exhibit list up to and including the time of trial.

**VI.   Statement regarding use of the jury evidence recording system (JERS)**

N/A. This is a bench trial.

**VII.   Itemized Statement of Special Damages**

Plaintiffs do not seek damages. Plaintiffs seek declaratory and injunctive relief and statutory civil penalties in accordance with 33 U.S.C. §§ 1319(d), 1365(a), and 40 C.F.R. §§ 19.1–19.4 in an amount to be determined by the Court according to the factors set forth in 33 U.S.C. § 1319(d).

**VIII.   Statement of Demand and Offer.**

N/A. This is a bench trial.

**XI.   Claim for Attorneys' Fees.**

Plaintiffs seek an award of their litigation costs (including reasonable attorney and expert witness fees) pursuant to 33 U.S.C. § 1365(d), in amounts to be determined by the Court on a post-trial application for such award.

X.  **View**

Plaintiffs do not intend to request a view.

XI.  **Estimated Length of Trial**

Seven to ten days.

XII.  **Other Issues**

The following issues, which may be appropriate for resolution at the Final Pretrial Conference, are described briefly below.

1.  **Witnesses Whose Testimony Might Be Obviated by Stipulation**

As the Court is aware, an association has standing to bring suit on behalf of its members when (i) its members would otherwise have standing to sue in their own right, (ii) the interests at stake are germane to the organization's purpose, and (iii) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. The first element will be established by testimony of the organizations' members. The third element is a legal issue that Plaintiffs contend is satisfied. Plaintiffs asked Defendants to stipulate that the second element is satisfied. The parties have agreed that Plaintiffs do not need to call witnesses to establish the germane-to-purposes element based on Plaintiffs' representation that, if testimony was needed, they would call Sean Mahoney (CLF) and Hannah Birmbaum (Sierra Club) to testify that: "The interests Plaintiffs are asserting in the case are their interest in protecting the Merrimack River and its aquatic species from thermal discharges from Merrimack Station. Those interests are germane to Plaintiffs' purposes to protect the health of New England's and New Hampshire's water resources." *See also* Complaint ¶¶ 5, 14-16. Similarly, Plaintiffs have asked Defendants to stipulate the members of the Plaintiff organizations who will testify in this case are members of the organizations, based on

declarations of Kristen Sauer (CLF) and Huda Fashho (Sierra Club). Based on the parties' agreement, this should be a reasonable means of eliminating four witnesses and shortening the trial, so long as the Court is amenable to Plaintiffs establishing those elements through stipulation rather than testimony.

### 2. Admitting Government Documents into Evidence

To streamline the trial, the Court may want to consider ordering that government documents, such as those in the U.S. EPA's administrative record for Merrimack Station,[6] NPDES permits issued by EPA Region 1 for other power plants (Docs. 69-2 to 69-8), other official Clean Water Act publications, such as EPA's NPDES Permit Writers Manual,[7] and EPA's Clean Air Markets Database,[8] may be admitted into evidence, if offered by either party, without need for authentication or other foundation. To be clear on this proposal, each side would preserve its rights to object to the relevance of any such EPA document or its contents, as well as to argue that any legal or scientific opinions offered by EPA in those documents are not supported by the facts, data, law, or science, and to present arguments as to the weight that should be given any EPA statement. And, of course, any document in EPA's administrative record that was not prepared by EPA would be offered as a document received by the agency, not a document created by the agency. But the fact that the EPA documents and record documents exist (and state what they state) should not be objectionable.

### 3. Opinion Testimony by Lay Witnesses

Plaintiffs do not intend to offer opinion testimony on the merits from any lay witness. Defendants' expert disclosure, dated December 21, 2020, stated that they "reserv[ed] the right to call

---

[6] Available at https://www.epa.gov/npdes-permits/merrimack-station-administrative-record

[7] Available at https://www.epa.gov/npdes/npdes-permit-writers-manual

[8] Available at available at https://campd.epa.gov/

as witnesses and elicit information and opinion testimony" from a variety of individuals beyond the five retained experts they disclosed, including Defendants' employees, on a variety of subjects. Federal Rule of Evidence 701 and case law address opinion testimony by lay witnesses. The extent to which lay witnesses and/or fact witnesses may offer opinion testimony may be a topic for discussion at the Final Pretrial Conference.

### 4.  Eliminating Cumulative Testimony

Furthermore, to eliminate "cumulative evidence," *see* LR 16.3(c)(1), another issue that can be addressed at the Final Pretrial Conference is the extent to which the testimony of Robert W. Varney may be unnecessarily duplicative of the expert testimony of Defendants' other experts, *i.e.*, Paul Craig, P.E., and Lawrence W. Barnthouse, Ph.D. Mr. Varney's expert report states that he was asked to review the expert reports of Mr. Hodge and Dr. Jordaan. But Mr. Craig and Dr. Barnthouse (who have similar credentials as Mr. Hodge and Dr. Jordaan, respectively) reviewed, responded to, and sought to rebut the expert opinions of Hodge and Jordaan, respectively. Mr. Varney's report states that he relied on his experience as NHDES Commissioner (1989-2001) and EPA Regional Administrator (2001-2009), his experience at Normandeau (which assists Defendants with environmental compliance and other matters), his knowledge of the Merrimack River, and discussions with his colleagues at Normandeau. The extent to which Mr. Varney will testify to facts and/or opinions, the basis for such testimony, and whether it may duplicate testimony of other experts, could be the subject of trial management orders or directions from the Court. Depending upon the nature of his testimony, Plaintiffs may also request direction from, or leave of, the Court regarding their cross-examination of Mr. Varney.

### 5.  Proposed Findings of Fact and Rulings of Law

The Procedural Order: Bench Trial (Doc. 83) directs the parties to jointly file, on or before

3:00 p.m. on October 6, 2022, a single timeline and a single statement of Agreed Facts followed by a Statement of Disputed Facts. It then directs the parties to separately file, on or before October 10, 2022, a witness list, an exhibit list, and proposed Findings of Fact and Rulings of Law, together with any separate trial brief. Plaintiffs' understanding is that the Court has directed the parties to first agree upon which facts are agreed and which are disputed before filing separate requests for findings of fact. Defendants have filed a motion for clarification (Doc. 87), to which Plaintiffs intend to respond.

Dated this 22nd day of September, 2022

Respectfully submitted,

/s/ Meaghan A. Jepsen
Meaghan A. Jepsen, Bar No. 266707
Bridget M. Denzer, Bar No. 267631
Ransmeier and Spellman P.C.
One Capitol Street
Concord, NH 03302-0600
(603) 228-0477
mjepsen@ranspell.com
bdenzer@ranspell.com
*Attorneys for Plaintiff Sierra Club, Inc. and Conservation Law Foundation, Inc.*

/s/ Thomas F. Irwin
Thomas F. Irwin, Bar No. 11302
Conservation Law Foundation
27 North Main Street
Concord, NH 03301
(603) 573-9139
tirwin@clf.org
*Attorney for Plaintiff Conservation Law Foundation, Inc.*

/s/ Reed W. Super
Reed W. Super (admitted pro hac vice)
Edan Rotenberg (admitted pro hac vice)
Julia Muench (admitted pro hac vice)

SUPER LAW GROUP, LLC
10 Wall Street, 3rd Floor
New York, NY 10005

        212-242-2355, ext. 1
        855-242-7956 (fax)
        reed@superlawgroup.com
        edan@superlawgroup.com
        julia@superlawgroup.com

*Attorneys for Plaintiffs*
*Sierra Club, Inc. and*
*Conservation Law Foundation, Inc.*

## CERTIFICATE OF SERVICE

I, Reed W. Super, have forwarded the foregoing pretrial statement to all parties in this action that have filed appearances and requests for notices, via ECF.

DATED: September 22, 2022         /s/ *Reed W. Super*
                                            Reed W. Super